FILED
ASHEVILLE, NC
APR 03 2025
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CHRISTOPHER JONAS BROOKS,
*Plaintiff, Pro Se,*

v.

ASHEVILLE DETOX LLC and
HEALTHCARE ALLIANCE NORTH AMERICA,
*Defendants.*

CASE NO. 1:25-cv-00058-MOC-WCM

Hand-Delivered

## PLAINTIFF'S EMERGENCY OBJECTION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Christopher Jonas Brooks, *pro se*, and hereby **objects in the strongest possible terms** to Defendants' Motion for Extension of Time (ECF No. 7), and states as follows:

## I. INTRODUCTION

Defendants seek a 30-day extension to answer allegations they have known about for **over twelve months** - first through EEOC proceedings, then through formal service of process. This motion represents:

1. A **blatant violation** of FRCP 11(b)'s good faith requirement;
2. A **continuation** of Defendants' established pattern of delay tactics; and
3. An **unconscionable burden** on this *pro se* Plaintiff.

## II. FACTUAL BACKGROUND

1. **EEOC Proceedings (2024):**

   - Defendants participated in mediation regarding these **exact claims**
   - Received full notice of allegations when EEOC issued Right-to-Sue letter

2. **Unemployment Fraud (2024):**

   - Defendants falsely told state agency Plaintiff "voluntarily quit"
   - This lie was **exposed during appeal proceedings**

3. **Instant Action (2025):**

   - Served on March 13 (Asheville Detox) and March 18 (Healthcare Alliance)
   - Now claim they need more time for information they've had for a year

## III. LEGAL ARGUMENT

### A. Defendants Fail to Show Good Cause Under FRCP 6(b)

*Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993):

- Requires "demonstration of good cause, not just convenience"
- Defendants provide only boilerplate language about "needing time"

### B. Prior Knowledge Negates Any Claim of Prejudice

*EEOC v. Autozone, Inc.*, 258 F. Supp. 2d 822, 825 (W.D. Tenn. 2003):

- "Defendant cannot claim surprise about allegations it investigated during EEOC process"

### C. Pattern of Delay Warrants Judicial Intervention

*Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002):

- "Scheduling orders are not suggestions – they are firm deadlines"

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991):

- "Courts must punish litigants who abuse judicial processes"

### D. Prejudice to Pro Se Plaintiff is Undeniable

*Smith v. Principi*, 281 F.3d 1384, 1386 (Fed. Cir. 2002):

- "Delays disproportionately harm self-represented litigants"

## IV. REQUESTED RELIEF

Plaintiff respectfully requests this Court:

1. DENY Defendants' Motion for Extension (ECF No. 7) in its entirety;
2. ORDER Defendants to file their Answer or responsive pleading:
    - Asheville Detox: By 5:00 PM on [Original Deadline]
    - Healthcare Alliance: By 5:00 PM on [Original Deadline]
3. WARN Defendants and counsel that:
    - Any further non-emergency extensions will result in:
        a. Monetary sanctions under FRCP 11;
        b. Motion for Default Judgment under FRCP 55(a);
        c. Attorney's fees for Plaintiff's forced *pro se* litigation labor

## V. CONCLUSION

Defendants have demonstrated a **consistent pattern of procedural abuse** across multiple forums. This Court should not reward such conduct. The interests of justice demand strict adherence to deadlines in this matter.

Respectfully submitted this __3rd__ day of April, 2025.

/s/ Christopher Jonas Brooks

Christopher Jonas Brooks
41 vance ave unit B
black mountain, NC 28711
(910)294-1826
chris.brooks111@outlook.com
*Pro Se Plaintiff*