IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO: 1:25 CV 58-MOC-WCM

| | |
|---|---|
| CHRISTOPHER JONAS BROOKS,<br>   Plaintiff,<br><br>v.<br><br>ASHEVILLE DETOX LLC and<br>HEALTHCARE ALLIANCE NORTH<br>AMERICA,<br>   Defendants. | **DEFENDANTS' MOTIONS<br>TO DISMISS, ANSWER, AND<br>AFFIRMATIVE DEFENSES** |

NOW COME Defendant Asheville Detox, LLC and Defendant Health Care Alliance North America (collectively "Defendants"), by and through undersigned counsel, and hereby respond to Plaintiff, Christopher Jonas Brooks' ("Plaintiff"), complaint ("Complaint") filed in the above-captioned matter as follows:

### 12(b)(1) MOTION TO DISMISS
### (*for Defendant HCANA*)

Pursuant to 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Health Care Alliance North America ("HCANA") respectfully moves the Court to dismiss the Complaint because the Court lacks subject matter jurisdiction over it. HCANA was not named as the employer on the Charge of Discrimination ("Charge") filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has not been issued a letter for the right to sue HCANA from the EEOC. Pursuant to 12(b)(1), the Court lacks subject matter jurisdiction as to HCANA.

## 12(b)(1) MOTION TO DISMISS
### (*for Defendant Asheville Detox*)

Pursuant to 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Asheville Detox LLC ("Asheville Detox") respectfully moves the Court to dismiss the claims in Plaintiff's Complaint for wrongful termination, hostile work environment, and retaliation. Plaintiff's claims for wrongful termination, hostile work environment, and retaliation exceed the scope of Plaintiff's Charge and are procedurally barred.

## 12(b)(6) MOTION TO DISMISS
### (*All Defendants*)

Plaintiff's claims against Defendants should be dismissed pursuant to Rule 12(b)(6) on the grounds that Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's Complaint, when liberally construed, fails to allege facts which set forth a claim against either named Defendant that is cognizable under federal law. Plaintiff's bare assertions are devoid of further factual enhancement to raise a right to relief from either named Defendant.

## ANSWER

### I.     The Parties to this Complaint

It is admitted that the Plaintiff and Defendants listed in the caption are listed as parties to this complaint. Except as admitted, the allegations under the heading "I. The Parties to This Complaint" are denied.

### II.    Basis for Jurisdiction

Defendants admit that, to the extent there is jurisdiction, the basis for jurisdiction is federal question. It is further admitted that Plaintiff is an individual.

Except as admitted, the allegations under the heading "II. Basis for Jurisdiction" are denied.

### III. Statement of Claim

All allegations under the heading "Statement of Claim" are denied.

### IV. Irreparable Injury

All allegations under the heading "Irreparable Injury" are denied.

### V. Relief

All allegations under the heading "Relief" are denied.

## General Denial

To the extent necessary, all other allegations in the Complaint not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Motion to Dismiss: Failure to State a Claim)

Plaintiff's Complaint fails to contain enough facts to state a claim upon which relief may be granted, and Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Comply with Pleading Requirements)

Plaintiff's Complaint fails to comply with the pleading requirements of Rule 8 and Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff fails to state his claims in plain and simple statements establishing his claims are plausible upon which relief may be granted. Plaintiff's Complaint fails to allege more than a mere possibility of

misconduct but does not show facts to support that Plaintiff is entitled to relief. Plaintiff's allegation of misrepresentations by Defendants is plead without the particularity requirement.

## FOURTH AFFIRMATIVE DEFENSE
### (Agreement and Release)

Plaintiff and Defendants agreed to settle his claims with Defendants paying a sum certain to Plaintiff in exchange for his releasing any and all claims against Defendants. This agreement and release serves as a bar to Plaintiff bringing his claims.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiff's claims, in whole or in part, are procedurally barred to the extend that Plaintiff failed to satisfy any applicable administrative and/or statutory prerequisites to those claims.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel, Waiver, and Unclean Hands)

Defendants plead that Plaintiff's claims are defeated, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands, including but not limited to, Plaintiff's failure to communicate with Asheville Detox after Plaintiff was placed on leave due to a back injury.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Defendants plead as an affirmative defense that Plaintiff's claims, in whole or in part, are barred by Plaintiff's own conduct and failure to mitigate his damages, and

his recovery is barred the failure to mitigate any damages.

## EIGHTH AFFIRMATIVE DEFENSE
### (Reservation)

Defendants expressly reserve the right to amend this Answer to assert any additional defenses that may become available by law or statute or become known during the pendency of this civil action.

WHEREFORE, Defendants respectfully pray for relief from this Court as follows:

1. That Plaintiff's claims be dismissed with prejudice;

2. That Plaintiff's requested relief be denied;

3. That the Court grant such further relief as is just and proper.

Respectfully submitted, this the 5th day of May 2025.

/s/ Robert C. Carpenter
Robert C. Carpenter
N.C. State Bar No. 36672
Alicia E. Hill
N.C. State Bar No. 58372
Allen Stahl & Kilbourne, PLLC
20 Town Mountain Road, Suite 100
Asheville, NC 28801
828-254-4778
828-254-6646 fax
bcarpenter@asklawnc.com
ahill@asklawnc.com
*Attorney for Defendants*

# CERTIFICATE OF SERVICE

I CERTIFY that according to CM/ECF records, a copy of the foregoing was served upon the individual listed below via electronic notification from the District Court:

Christopher Jonas Brooks
brooks.cj1002@gmail.com
*Pro Se*

This the 5th day of May, 2025.

/s/ Robert C. Carpenter
Robert C. Carpenter
N.C. State Bar No. 36672
Alicia E. Hill
N.C. State Bar No. 58372
Allen Stahl & Kilbourne, PLLC
20 Town Mountain Road, Suite 100
Asheville, NC 28801
828-254-4778
828-254-6646 fax
bcarpenter@asklawnc.com
ahill@asklawnc.com
*Attorney for Defendants*

6

Case 1:25-cv-00058-MOC-WCM    Document 12    Filed 05/05/25    Page 6 of 6