**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**FILE NO: 1:25 CV 58-MOC-WCM**

FILED
ASHEVILLE, NC

MAY 1 2 2025

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

| | |
|---|---|
| CHRISTOPHER JONAS BROOKS }<br> Plaintiff, }<br> }<br> }<br> v. }<br> }<br> }<br> }<br> ASHEVILLE DETOX LLC et al. }<br> Defendant, } | **PLAINTIFF'S COMBINED OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE FOURTH, FIFTH, SIXTH, AND SEVENTH AFFIRMATIVE DEFENSES** |

NOW COME Plaintiff Christopher Jonas Brooks, *pro se*, respectfully opposes Defendants' Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) and moves to strike Defendants' Fourth, Fifth, Sixth, and Seventh Affirmative Defenses under Rule 12(f) as follows:

## I. INTRODUCTION

Defendants seek dismissal of Plaintiff's Title VII claims, asserting (1) a purported waiver via a settlement agreement and (2) lack of jurisdiction over Healthcare Alliance North America ("HCANA"). Both arguments fail. The workers' compensation settlement expressly excludes non-Workers' Compensation Act claims, and HCANA is explicitly named in the EEOC charge's factual narrative. Defendants' motion contradicts the record and binding precedent. Plaintiff respectfully requests denial of the motion and striking of defenses lacking legal or factual basis.

## II. DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

### A. HCANA Is Properly Named in the EEOC Charge (12(b)(1))

1

HCANA argues it was not named in the EEOC charge, but the charge's first sentence states:

*"HCANA has and continues to discriminate against me due to my sex."*

The narrative further identifies HCANA agents (Allison Sterling, Nicholas Barnard, Rachel Fowler, and John Wood) and their discriminatory acts. Courts consistently hold that naming an entity in the charge's narrative satisfies jurisdictional notice requirements. *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991); *Alvarado v. Bd. of Trustees*, 848 F.2d 457, 460 (4th Cir. 1988). HCANA's argument ignores the charge's plain text and is jurisdictionally unsound.

## B. Plaintiff States Plausible Title VII Claims (12(b)(6))

The Complaint alleges specific, chronologically organized facts supporting sex discrimination, retaliation, and wrongful termination:

1. **Retaliation**: After Plaintiff reported sex-based discrimination in February 2024, HCANA revoked his CADC shadowing opportunity and terminated him during a state of emergency while he pursued a workers' compensation claim.

2. **Discrimination**: Director Nicholas Barnard stated HCANA sought "another female" for the Admissions Coordinator role, which was awarded to an external candidate despite Plaintiff's qualifications.

3. **Pretext**: Defendants inconsistently claimed Plaintiff was "unqualified" for the coordinator role yet "qualified" for clinical work, undermining their justification.

These allegations meet *Twombly/Iqbal*'s plausibility standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se pleadings construed liberally).

2

## III. MOTION TO STRIKE FOURTH, FIFTH, SIXTH, AND SEVENTH AFFIRMATIVE DEFENSES

## III. MOTION TO STRIKE AFFIRMATIVE DEFENSES

### A. General Deficiencies in Defendants' Pleading

Defendants' Answer reflects systemic carelessness, violating Rule 8(c)'s mandate to "affirmatively state" defenses with clarity. The omission of a **Third Affirmative Defense**—skipping from the Second to the Fourth—exemplifies their failure to meaningfully engage with this case. This procedural irregularity, coupled with conclusory language and redundant arguments, signals a template-driven approach that courts routinely condemn. *See FTC v. Vyera Pharms.*, 2021 WL 1172915, at *5 (S.D.N.Y. 2021)* (striking defenses for "lack of specificity and careless drafting").

### B. Specific Defenses to Strike

1. **Fourth Affirmative Defense (Agreement and Release)**

   o **Factual Contradiction:** The Workers' Compensation Agreement explicitly limits releases to claims under the Workers' Compensation Act (Final Agreement, p. 12).

   o **Legally Invalid** because the purported $100 release lacks consideration,

   o , rendering it void under United States v. McCall, 506 F.2d 1201, 1203 (8th Cir. 1974)."

2. **Fifth Affirmative Defense (Failure to Exhaust Administrative Remedies)**

**Vagueness:** "Plaintiff filed a timely EEOC charge on June 11, 2024 explicitly naming HCANA and detailing the discriminatory conduct, as evidenced by the charge document attached as Exhibit C."

"Defendants' vague assertion fails to identify any specific administrative requirement that Plaintiff did not satisfy, making this defense both conclusory and redundant." Fails to specify which claims lack exhaustion (e.g., Title VII, ADA) or identify bypassed administrative steps.

- **Redundancy:** Mirrors arguments in Defendants' Rule 12(b)(1) motion. *Castillo v. Roche Labs.*, 2010 WL 3027726, at *3 (S.D. Fla. 2010)*.

3. **Sixth Affirmative Defense (Estoppel, Waiver, Unclean Hands)**

- **Factual Rebuttal:** Plaintiff provided timely updates (Exhibit E & F Plaintiff provided timely updates and documentation, evidencing good-faith communication during his medical leave." "This is further confirmed by a decision from the North Carolina Division of Employment Security, which found that Plaintiff had notified Defendants of his release to return to work and had attempted communication through a third-party Nurse case manager during his workers' compensation leave. (See Exhibit E).

- **Legal Deficiency:** "Furthermore, Defendants have not alleged any 'egregious misconduct' by Plaintiff, which is required for unclean hands under In re Estate of Nelson, 815 S.E.2d 711, 716 (N.C. Ct. App. 2018)."

4. **Seventh Affirmative Defense (Failure to Mitigate)**

4

- o **Conclusory:** Defendants provide no factual basis for their mitigation defense, failing to specify any actions Plaintiff should have taken or opportunities they allegedly ignored.

- o "This conclusory assertion deprives Plaintiff of fair notice and violates the pleading standards under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)."

- o **Improper Jurisdictional Denial:** Rebutting jurisdiction belongs in Rule 8(b), not an affirmative defense. *Zito v. Leasecomm Corp.*, 2004 WL 2211650, at *9 (S.D.N.Y. 2004)*.

## C. Conclusion

Defendants' procedural neglect and reliance on boilerplate defenses violate Rule 8(c) and 12(f). Striking these defenses ensures fairness and compliance with federal pleading standards.

## IV.DEFENDANTS' REMAINING DEFENSES ARE INSUFFICIENT

1. **First Defense ("Failure to State a Claim")**: Duplicative of Rule 12(b)(6) and refuted by Section II.B.

2. **Second Defense ("Rule 8/9(b) Violations")**: Misstates law; Title VII claims need not meet Rule 9(b).

3. **Eighth Defense ("Reservation of Rights")**: Legally unrecognized. *Ramnarine v. CP RE Holdco 2009–1, LLC*, 2013 WL 1898386, at *4 (E.D.N.Y. May 7, 2013).

## V. REQUEST FOR LEAVE TO AMEND

Pursuant to Rule 15(a)(2), Plaintiff requests leave to amend if the Court identifies any pleading deficiencies. Courts liberally grant leave to amend, particularly in pro se civil rights actions, where justice requires an opportunity to cure deficiencies. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

## VI. CONCLUSION

Plaintiff provides the attached exhibit solely in opposition to Defendants' motion and expressly reserves the right to conduct full discovery pursuant to the Federal Rules of Civil Procedure. Nothing herein shall be construed as a waiver of plaintiffs' discovery rights.

For the foregoing reasons, Plaintiff respectfully requests:

1. Denial of Defendants' Motion to Dismiss.
2. Striking of Fourth, Fifth, Sixth, and Seventh Affirmative Defenses.
3. Leave to amend if required; and
4. Any further relief the Court deems just.

**Respectfully submitted,**


Christopher Jonas Brooks
41 Vance Ave Unit B | Black Mountain, NC 28711

Chris.Brooks111@outlook.com | (910) 294-1826
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed/ delivered to the following individuals at the addresses listed:

Robert C. Carpenter

N.C. State Bar No. 36672

Alicia E. Hill

N.C. State Bar No. 58372

Allen Stahl & Kilbourne, PLLC

20 Town Mountain Road, Suite 100

Asheville, NC 28801

828-254-4778

828-254-6646 fax

bcarpenter@asklawnc.com

ahill@asklawnc.com

Attorney for Defendants

**This the 12th Day of May, 2025**

/s/ Christopher J.Brooks

**Christopher J. Brooks**

**41 Vance Ave Unit B**

**Black Mountain, NC 28711**

**(910)294-1826**

Chris.brooks111@outlook.com

*Pro se Plaintiff*