IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS

   Plaintiff,

                                    Exhibit E

v.

ASHEVILLE DETOX LLC et al.

   Defendant.

**Unemployment Appeal Decision – Confirming Plaintiff's Communication During Workers' Compensation Leave (Refuting Defendants' Sixth Affirmative Defense – Unclean Hands and Misconduct)**

1

 

**North Carolina Department of Commerce**
**Division of Employment Security**
**Appeals Section**

46038872

IN THE MATTER OF:                      APPEALS DOCKET NO. 24-LA-018552

Claimant                                           Employer

Christopher Brooks                   Hca Nc Administration Inc
41 Vance Ave Unit B                   1010 Merrimon Ave
Black Mountain, NC 28711           Asheville, NC 28804

Mail Date: January 28, 2025

## ISSUE STATEMENT

Whether the claimant was discharged for misconduct connected with the work. N.C. Gen. Stat. § 96-14.6.

## FINDINGS OF FACT

1. Claimant filed an initial claim for unemployment insurance benefits effective September 29, 2024. A determination by Adjudicator was rendered under Issue ID 13351146 holding Claimant disqualified for benefits.

2. Claimant appealed the determination. Under N.C. Gen. Stat. § 96-15(c), the appeal came before Appeals Referee Arlen Percival. A hearing was conducted on January 15, 2025. The following were present for the hearing: claimant Christopher Brooks. The employer did not present a witness for the hearing. The employer's number of record, 828-989-8309, was called at 8:32 a.m. and 8:40 a.m. On both occasions, the system returned an error: invalid number. A number found on the employer's fact finding report, 828-202-7572, was called at 8:33 a.m. and 8:41 a.m. On both occasions, voicemail answered the line and messages were left. No additional telephone number was found for the employer.

3. Claimant was discharged from this job for alleged lack of communication after a workplace injury.

4. The claimant's employment began on January 8, 2024. The employer is a detox facility. The claimant was a Behavioral Health Technician.

5. The claimant applied for an internal position with the employer, a desk job, as an Admissions Coordinator. The claimant was told that he was not considered for the job because he was not a woman. The claimant has filed a complaint with the Equal Employment Opportunity Commission (EEOC) in June 2024. (see Claimant's Exhibit 9).

6. On May 30, 2024, the claimant was injured when he fell at work. He was taken by ambulance to the hospital. He suffered pinched nerves in his neck and back. The claimant was released to light duty, with no lifting over fifteen (15) pound on June 4, 2024. (see Claimant's Exhibit 14). The claimant retained counsel for his workers' compensation claim on June 4, 2024. (see Claimant's Exhibit 17). A note on June 5, 2024 directed the claimant to remain out of work until cleared. (see Claimant's Exhibit 15).

 

**North Carolina Department of Commerce**
Division of Employment Security
Appeals Section

46038872

7. On July 7, 2024, the claimant received a letter from Medical Case Manager Jeannie Ernst of AmTrust North America, Inc. to assist in the process of the medical appointments and workers compensation claim. She states, "I will coordinate with you, the treating providing, your employer and your assigned claims adjuster to determine a safe and medically appropriate return to work plan." (Claimant's Exhibit 32).

8. The claimant was taken out of work until he could have a MRI and visit a surgeon. The MRI occurred on July 31, 2024 (see Claimant's Exhibit 24-25). A note of August 5, 2024 directed the claimant to remain out of work until he visited an orthopedic spine surgeon. (see Claimant's Exhibit 26). He visited the surgeon in September 2024.

9. On September 10 2024, the claimant was released to work up to eight (8) hours per day with lifting restrictions of twenty (20) pounds. (see Claimant's Exhibit 27).

10. On September 17, 2024, the claimant sent an email to Liz Rankin to coordinate his return to work. (see Claimant's Exhibit 28).

11. On October 2, 2024, the claimant received an automated birthday message from the employer. (see Claimant's Exhibit 33). He took this to mean that he was still attached to the payroll.

12. The claimant first received a response from the employer on October 27, 2024, when Ms. Rankin responded that they did not have work available due to the hurricane as "our Asheville facilities are not open." (Claimant's Exhibit 31). Ms. Rankin also noted, "I see that you have not worked with us since May and it is my understanding that this was initially due to injury. However, we did not receive any communication or correspondence regarding an accommodation and/or leave request, return to work plan, or update, leaving us with the unfortunate and necessary decision to fill the position. Given the current circumstances, we will most likely be utilizing a reduced work force and do not have an open position at this time. (Ibid.).

MEMORANDUM OF LAW

Under the Employment Security Law of North Carolina, when a claimant files a claim for benefits after being separated from their employment, the Division must determine the reason for the separation and if that reason disqualifies the claimant from receiving unemployment benefits. N.C. Gen. Stat. §§ 96-14.1(a), 95-15(b)(2).

Where the Division determines the claimant was discharged from employment, the Division must decide whether the claimant is unemployed due to misconduct connected with the work. N.C. Gen. Stat. § 96-14.6(a). If the Division determines the claimant is unemployed due to misconduct connected with the work, the claimant is disqualified for benefits. Id.

Misconduct connected with the work is either of the following:
(1) Conduct evincing a willful or wanton disregard of the employer's interest as is found in deliberate violation or disregard of standards of behavior that the employer has the right to expect of an employee or has explained orally or in writing to an employee.
(2) Conduct evincing carelessness or negligence of such degree or recurrence as to manifest an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.



**North Carolina Department of Commerce**
Division of Employment Security
Appeals Section

46038872

N.C. Gen. Stat. § 96-14.6(b).

The following examples are prima facie evidence of misconduct that may be rebutted by the individual making a claim for benefits:
   (1) Violation of the employer's written alcohol or illegal drug policy.
   (2) Reporting to work significantly impaired by alcohol or illegal drugs.
   (3) Consumption of alcohol or illegal drugs on the employer's premises.
   (4) Conviction by a court of competent jurisdiction for manufacturing, selling, or distributing a controlled substance punishable under N.C. Gen. Stat. § 90-95(a)(1) or 90-95(a)(2) if the offense is related to or connected with an employee's work for the employer or is in violation of a reasonable work rule or policy.
   (5) Termination or suspension from employment after arrest or conviction for an offense involving violence, sex crimes, or illegal drugs if the offense is related to or connected with the employee's work for an employer or is in violation of a reasonable work rule or policy.
   (6) Any physical violence whatsoever related to the employee's work for an employer, including physical violence directed at supervisors, subordinates, coworkers, vendors, customers, or the general public.
   (7) Inappropriate comments or behavior toward supervisors, subordinates, coworkers, vendors, customers, or to the general public relating to any federally protected characteristic that creates a hostile work environment.
   (8) Theft in connection with the employment.
   (9) Forging or falsifying any document or data related to employment, including a previously submitted application for employment.
   (10) Violation of an employer's written absenteeism policy.
   (11) Refusal to perform reasonably assigned work tasks or failure to adequately perform employment duties as evidenced by no fewer than three written reprimands in the 12 months immediately preceding the employee's termination.
N.C. Gen. Stat. § 96-14.6(c).

REASONING

In the present case, the claimant was out on leave due to a workplace injury, for which he filed a workers compensation claim. When the claimant was released to return to work he notified the employer, but received no response for over a month, when he was told his position was no longer available and the employer had no open positions due to the hurricane. The employer stated in their response that there had been no communication since the workplace injury, but the claimant presented documentation of communication through the third party vendor who was handling the workers compensation claim. The claimant notified the employer when he was released to return to work and no work was offered to him. Therefore, the claimant was not discharged for misconduct connected with the work.

DECISION

The determination by Adjudicator is REVERSED. Claimant is QUALFIED for unemployment benefits.


**North Carolina Department of Commerce**
Division of Employment Security
Appeals Section


46038872

*A. R. Percival*
A. Percival
Appeals Referee

## APPEAL RIGHTS

This decision is the final decision of the Division unless within ten (10) days from the date it was mailed, the appealing party submits a clear, written statement containing the grounds for the appeal. If such timely statement is not submitted, the appeal may be dismissed. If you were notified of this decision by mail, three (3) additional days will be added to the period to file a written appeal.

Appeals to this decision may be filed via the DES website by logging into your portal (des.nc.gov). Select Appeals from top menu. Select issue then Request Appeal.

Appeals may also be filed by email (des.ha.appeals@commerce.nc.gov), by fax (919.341.5694), and by mail (Appeals Clerk, Division of Employment Security, PO Box 28263, Raleigh NC 27611). When appealing by one of these methods, you must include your name, the Appeals Docket Number, the claimant's full name, and the last four digits of the claimant's Social Security Number.

SPECIAL NOTICE TO CLAIMANTS: If you were receiving or have previously received unemployment insurance benefits in connection with the underlying claim and this appeals decision rules you ineligible or disqualified for all or part of such benefits, you may now have an overpayment of benefits pursuant to G.S. 96-18(g)(2). If an overpayment is created by this appeals decision, you will be mailed a separate determination of overpayment from DES Benefits Integrity/Benefit Payment Control Section (which will specify, among other things, the amount of such overpayment and any applicable penalties). Please note that the only way you may contest such overpayment is to appeal this appeals decision and the resulting overpayment to the Board of Review in accordance with North Carolina law and DES rules.