IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
FILE NO: 1:25 CV 58-MOC-WCM

| | |
|---|---|
| CHRISTOPHER JONAS BROOKS,<br>    Plaintiff,<br><br>v.<br><br>ASHEVILLE DETOX LLC and<br>HEALTHCARE ALLIANCE NORTH<br>AMERICA,<br>    Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S MAY 12, 2025 FILING [DOC. 13]** |

NOW COMES Defendants Asheville Detox, LLC and Health Care Alliance North America ("Defendants"), and hereby respond to Plaintiff's Combined Opposition to Defendants' Motion to Dismiss ("the Response") and Motion to Strike Fourth, Fifth, Sixth, and Seventh Affirmative Defense ("the Motion to Strike") filed on May 12, 2025. [Doc. 13].

### I. Defendants' Motion to Dismiss is not ripe for adjudication.

Defendants filed various motions to dismiss in its answer. [Doc. 12]. These motions, however, were made merely to preserve the issues contained therein. Defendants may bring these motions later pursuant to Local Rule 7.1(c)(1) but do currently not seek a decision on the motions. The Response is therefore premature under Local Rule 7.1(c)(1) and need not be addressed by the Court. To the extent the Court believes the Response triggers an adjudication of Defendants' various motions

to dismiss, Defendants request an opportunity to fully brief those motions.[1]

## II. Plaintiff's Motion to Strike is unsupported by law and fact.

The Court should deny the Motion to Strike. This Court has stated its standard in addressing a motion to strike as follows:

> Federal Rule of Civil Procedure 12(f) provides that the court may strike from a pleading any insufficient defense. The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues. Although courts have broad discretion in disposing of motions to strike, such motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic. Courts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant.

*Crump v. Mecklenburg Cnty. Det. Ctr. Officers*, 2023 U.S. Dist. LEXIS 12385; 2023 WL 416194 (January 23, 2023); *see also*, *Dmarcian, Inc. v. Dmarcian Eur. BV*, 2022 U.S. Dist. LEXIS 180285; 2022 WL 4870944 (October 3, 2022) (describing the standard in the same way) (citations and internal quotations omitted). This Court has also "consistently held that *Twombly* and *Iqbal's* heightened pleading standards do not apply to affirmative defenses." *Shanti Wines, LLC v. Shanti Elixirs, LLC*, 2023 U.S. Dist. LEXIS 153586; 2023 WL 5620736 (August 30, 2023) (this Court declined to strike the affirmative defense of failure to mitigate).

Plaintiff, in the Motion to Stike, fails to identify any prejudice, much less unfair prejudice, by Defendants' various affirmative defenses. The Court should deny the Motion to Strike for that reason alone.

The affirmative defenses are further supported by the facts. For example, the

---

[1] Plaintiff also requested leave to amend in the Response. This request is unnecessary, however, because the motions to dismiss are not ripe for adjudication.

failure to exhaust administrative remedies Affirmative Defense stems from the fact that Plaintiff failed to file a Charge of Discrimination against Defendant Health Care Alliance North America.

Plaintiff's exhibits to the Motion to Strike contain a "Separation Agreement and Release of Claims" executed by Plaintiff where he releases any and all claims against Defendants, including the claims brought here ("the Release"). [Doc. 13-6]. Plaintiff executed the Release in consideration of the $50,000.00 settlement of his Workers' Compensation claim and to categorize his employment separation as a resignation. [Doc. 13-5 & 13-7]. Plaintiff and Defendants further agreed that he would receive an additional $100.00 as consideration for the Release. [Doc. 13-7]. Plaintiff explicitly acknowledged the "receipt and sufficiency" of the consideration for the Release. [Doc. 13-7].

While Defendants agreed to the Workers' Compensation settlement and the Release, it could not locate a fully signed copy of the Release or payment record for the $100.00. Consequently, in an abundance of caution, and because the agreement contained no time limitation on payment and signature, Defendants executed the Release on May 15, 2025, and mailed it to Plaintiff along with a $100.00 check and $100 bill.

In response to the signed agreement and check, Plaintiff delivered **Exhibit A** to the undersigned counsel wherein he made an exorbitant settlement demand and threatened Rule 11 sanctions against Defendants for signing the agreement and sending him $200.00.

3

Case 1:25-cv-00058-MOC-WCM    Document 17    Filed 05/27/25    Page 3 of 5

The Workers' Compensation settlement was not the only settlement of the claims underlying this lawsuit. Plaintiff, by and through his attorney, accepted a settlement offer from Defendants to pay him $7,000 in exchange for a full release. Plaintiff then fired his attorney and agreed to a materially indistinguishable settlement of his underlying claims immediately prior to filing this action. Plaintiff has released his legal claims on three separate occasions, hence the Motion to Strike should be denied.

## **CONCLUSION**

Wherefore, for the above-stated reasons, Defendants respectfully request the Court disregard the Response and DENY the Motion to Strike.

Respectfully submitted, this the 27th day of May 2025.

/s/ Robert C. Carpenter
Robert C. Carpenter
N.C. State Bar No. 36672
Alicia E. Hill
N.C. State Bar No. 58372
Allen Stahl & Kilbourne, PLLC
20 Town Mountain Road, Suite 100
Asheville, NC 28801
828-254-4778
828-254-6646 fax
bcarpenter@asklawnc.com
ahill@asklawnc.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

      I CERTIFY that according to CM/ECF records, a copy of the foregoing was served upon the individual listed below via electronic notification from the District Court:

Christopher Jonas Brooks
brooks.cj1002@gmail.com
*Pro Se*

      This the 27th day of May, 2025.

                                  /s/ Robert C. Carpenter
                                  Robert C. Carpenter
                                  N.C. State Bar No. 36672
                                  Alicia E. Hill
                                  N.C. State Bar No. 58372
                                  Allen Stahl & Kilbourne, PLLC
                                  20 Town Mountain Road, Suite 100
                                  Asheville, NC 28801
                                  828-254-4778
                                  828-254-6646 fax
                                  bcarpenter@asklawnc.com
                                  ahill@asklawnc.com
                                  *Attorney for Defendants*