IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
    PLAINTIFF,                }
                                  }
v.                                  }                    Exhibit A
                                  }
ASHEVILLE DETOX LLC et al.          }
    DEFENDENTS                }

Plaintiff's signature version without Defendants signature (originally filed as document 13-6)

12. Partial Invalidity

The parties agree that the provisions of this Agreement shall be deemed severable and that the invalidity or unenforceability of any portion or any provision shall not affect the validity or enforceability of the other portions or provisions. Such provisions shall be appropriately limited and given effect to the extent that they may be enforceable.

13. Acknowledgement

BY SIGNING BELOW AND RETURNING THIS AGREEMENT, YOU AFFIRM THAT YOU HAVE BEEN GIVEN A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT; THAT YOU HAVE CAREFULLY READ AND UNDERSTAND EACH OF THE TERMS OF THIS AGREEMENT; THAT THE CONSIDERATION YOU WILL RECEIVE IN EXCHANGE FOR EXECUTING THIS AGREEMENT IS GREATER THAN THAT TO WHICH YOU WOULD BE ENTITLED IN THE ABSENCE OF THIS AGREEMENT; THAT YOU ARE FULLY COMPETENT TO UNDERSTAND AND EXECUTE THIS AGREEMENT; AND THAT YOU ACCEPT IT KNOWINGLY AS YOUR OWN FREE AND VOLUNTARY ACT WITHOUT ANY COERCION OR INTIMIDATION; AND THAT YOU HAVE THE RIGHT TO CONSULT WITH AN ATTORNEY ABOUT THIS AGREEMENT AND CERTIFIES THAT THE COMPANY HAS URGED AND DOES URGE HIM TO DO SO.

As to Employee:

_____
Christopher Jonas Brooks (Nov 25, 2024 11:40 EST)

Date      Christopher Brooks

For the Company:

_____

Date      Asheville Detox LLC

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                     }
                                }
v.                                }          Exhibit B
                                }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                     }

Altered signature version from defendants (sent to plaintiff via UPS with cash and check)

12.   Partial Invalidity

The parties agree that the provisions of this Agreement shall be deemed severable and that the invalidity or unenforceability of any portion or any provision shall not affect the validity or enforceability of the other portions or provisions. Such provisions shall be appropriately limited and given effect to the extent that they may be enforceable.

13.   Acknowledgement

BY SIGNING BELOW AND RETURNING THIS AGREEMENT, YOU AFFIRM THAT YOU HAVE BEEN GIVEN A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT; THAT YOU HAVE CAREFULLY READ AND UNDERSTAND EACH OF THE TERMS OF THIS AGREEMENT; THAT THE CONSIDERATION YOU WILL RECEIVE IN EXCHANGE FOR EXECUTING THIS AGREEMENT IS GREATER THAN THAT TO WHICH YOU WOULD BE ENTITLED IN THE ABSENCE OF THIS AGREEMENT; THAT YOU ARE FULLY COMPETENT TO UNDERSTAND AND EXECUTE THIS AGREEMENT; AND THAT YOU ACCEPT IT KNOWINGLY AS YOUR OWN FREE AND VOLUNTARY ACT WITHOUT ANY COERCION OR INTIMIDATION; AND THAT YOU HAVE THE RIGHT TO CONSULT WITH AN ATTORNEY ABOUT THIS AGREEMENT AND CERTIFIES THAT THE COMPANY HAS URGED AND DOES URGE HIM TO DO SO.

As to Employee:

Christopher Jonas brooks (Nov 25, 2024 11:40 EST)

_____          Christopher Brooks
Date

For the Company

_____          _____
Date                     Asheville Detox LLC

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                    }
                         }
v.                                }                    Exhibit C
                         }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                    }

---

Document with impossible future date

*EXHIBIT C*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### FILE NO: 1:25 CV 58-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER JONAS BROOKS, | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS'** |
| | ) | **MOTION TO ENFORCE** |
| ASHEVILLE DETOX LLC and | ) | **SETTLEMENT AGREEMENT** |
| HEALTHCARE ALLIANCE NORTH | ) | |
| AMERICA, | ) | |
|   Defendants. | ) | |
| | ) | |

NOW COMES Defendants Asheville Detox, LLC and Health Care Alliance North America ("Defendants"), by and through the undersigned counsel, and hereby file this motion to enforce the settlement agreement by Plaintiff on November 25, 2025, or, in the alternative, the settlement agreement reflected in emails with Plaintiffs attorney and Plaintiff on February 5, 2025, and February 24, 2025. Defendants do so for the reasons contained in the brief filed contemporaneously with this Motion.

Respectfully submitted, this the 12th day of June, 2025.

> *Isl* Robert C. Carpenter
> Robert C. Carpenter
> N.C. State Bar No. 36672
> Alicia E. Hill
> N.C. State Bar No. 58372
> Allen Stahl & Kilbourne, PLLC
> 20 Town Mountain Road, Suite 100
> Asheville, NC 28801

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                              }
                                  }
v.                                }                    Exhibit D
                                  }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                              }

---

Email from defense counsel acknowledging rule 11 Safe Harbor and settlement threat

 Outlook                                    ***EXHIBIT D***

## RE: Confidential Settlement Proposal – Expires June 10, 2025

**From** Bo Carpenter <bcarpenter@asklawnc.com>

**Date** Tue 5/27/2025 3:37 PM

**To**    Christopher brooks <Chris.Brooks111@outlook.com>

Mr. Brooks,

I am in receipt of this settlement offer. My client respectfully declines.

As noted in the response just filed, you have settled the underlying claims on three different occasions. We intend to file a motion to enforce the various settlement agreements and seek the recovery of attorneys' fees in filing such a motion. Moreover, with these settlement agreements, your complaint is not based on existing law and there are no evidentiary facts to support it. Consequently, you are subject to sanctions under Rule 11. Consider this email your 21-day notice under Rule 11 to dismiss your complaint or face sanctions. Furthermore, you are violating the settlement agreement you signed to settle your Worker's Compensation claim, thereby providing grounds for the return of those funds for breach of contract.

That all said, my client is willing to settle your matter in the amount of $5,000 to prevent it from incurring additional attorneys' fees. This offer will remain open until the end of the week, May 30, 2025. Failure to accept it by then will result in us filing a motion to enforce the settlement agreement and/or Rule 11 sanctions.

Bo



**Robert C. "Bo" Carpenter**
*Partner*
**Allen Stahl + Kilbourne**
**20 Town Mountain Road**
**Suite 100**
**Asheville, NC 28801**
828.318.7784 Mobile
828.412.4022 Direct
828.254.4778 Main
828.254.6646 Fax
www.asklawnc.com
bcarpenter@asklawnc.com

*This message and its attachments may contain confidential and/or legally-sensitive information that is intended for the sole use of the addressee(s). Any unauthorized review, use, disclosure, or distribution of the*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                     }
                                  }
v.                                 }                    Exhibit E-1
                                  }
ASHEVILLE DETOX LLC et al.         }
   DEFENDENTS                     }

Email from defense counsel " most of your changes included "; Warns filing voids offer

 **Gmail**           Christopher Brooks <brooks.cj1002@gmail.com>

## christopher brooks revised settlement offer

2 messages

---

**Christopher Brooks** <brooks.cj1002@gmail.com>      Mon, Feb 24, 2025 at 4:47 PM
To: bcarpenter@asklawnc.com

---

 **Discrimination case settlement revised.pdf**
155K

---

**Bo Carpenter** <bcarpenter@asklawnc.com>      Wed, Feb 26, 2025 at 11:31 AM
To: Christopher Brooks <brooks.cj1002@gmail.com>

Christopher,

Here is the revised settlement agreement as we discussed. The changes are in yellow highlighting. I think we can live without the non-disparagement so I took that out. I'm not entirely comfortable listing those dates you texted me because I've never seen that before and don't get the point. I worry about unintended consequences. That said, its not a dealbreaker.

I otherwise think your changes are all in here. I'll still need to get client approval on these changes, but I do not think that will be an issue. Again, if you file, then all offers are off the table and we'll proceed with defending the case.

Bo

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                     }
                                  }
v.                                }                    Exhibit E-2
                                  }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                     }

Defenses revised rash with unresolved release language



liens, contracts, judgments, agreements, promises, liabilities, claims, demands, damages, losses, costs, or expenses related to Employee's employment with Employer that arose prior to the date of this Agreement. This release shall not serve as a release of claims that arise after the date of this Agreement.

3. **Additional Representations.** Employee represents and warrants that he was permitted by Employer to take all leave to which he was entitled, that he has been properly paid for all time worked while he was employed by Employer, that he has received all benefits to which he was or is entitled. Employee also represents and warrants that he knows of no facts and has no reason to believe that his rights under either the Fair Labor Standards Act or the Family and Medical Leave Act have been violated. Employee represents and warrants that other than as previously alleged, he knows of no violations of law or policy by Employer.

4. **Taxes.** Employee shall be responsible for reporting all payments Employee receives from Employer to any taxing authorities as may be required by applicable law or regulations, and Employee shall be responsible for payment of any and all taxes or related obligations associated with such payments received by Employee from Employer

5. **No Admission of Liability.** The terms and conditions outlined herein are not to be construed as an admission of any liability or violation of any federal, state or local statute or regulation or of any duty owed by and between the Parties and the Parties expressly deny and continue to deny any and all liability. This Agreement is entered into in order to avoid further dispute between the Parties.

6. **Confidentiality.** The Parties agree that the terms and conditions of this Agreement are and shall remain confidential and shall not be disclosed to any person other than the entities identified herein, as required by law or to Employee's immediate family, legal counsel, tax professionals, and financial advisors. The Parties agree to require that anybody receiving this information from them shall maintain its confidentiality. To the extent the Parties reveal any of the confidential information to anybody, they agree to inform them simultaneously of the confidentiality requirements contained in this paragraph.

7. **Fees and Costs.** Each party agrees to bear their own attorneys' fees and costs associated with this matter.

8. **Execution by the Parties.** This Agreement may be executed in multiple counterparts, either in original form or in the form of facsimile copies or electronic (PDF), all of which taken together shall collectively constitute one agreement binding on the Parties.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER JONAS BROOKS | } | |
| PLAINTIFF, | } | |
| | } | |
| v. | } | Exhibit F-1 |
| | } | |
| ASHEVILLE DETOX LLC et al. | } | |
| DEFENDENTS | } | |

Email thread with former attorney

 **Gmail**

Christopher Brooks <brooks.cj1002@gmail.com>

---

## Clarification on Settlement Tax Treatment and Case Status

**Christopher Brooks** <brooks.cj1002@gmail.com>                          Fri, Feb 14, 2025 at 12:54 PM
To: Gary Martoccio <gary@martocciofirm.com>

Dear Mr. Martoccio

I truly appreciate all the work you've done on my case and the time you've taken to explain everything. Thank you for your efforts.

I do want to make sure this matter moves forward in a timely manner. If you plan to proceed with filing, please let me know the next steps. However, if you do not intend to move forward, please let me know before the 90-day deadline so I can make other arrangements.

I appreciate your guidance and look forward to your response.

Best regards

Christopher brooks

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS        }
   PLAINTIFF,                           }
                                   }
v.                                    }                    Exhibit F-2
                                   }
ASHEVILLE DETOX LLC et al.           }
   DEFENDENTS                         }

Email where attorney says plaintiff refuses to sign and he withdraws

 **Gmail**

Christopher Brooks <brooks.cj1002@gmail.com>

---

## Clarification on Settlement Tax Treatment and Case Status

**Gary Martoccio** <gary@martocciofirm.com>                    Fri, Feb 14, 2025 at 12:55 PM
To: Christopher Brooks <brooks.cj1002@gmail.com>

Chris,

We reached a settlement on your behalf and do not intend to file suit. Are you refusing to sign the agreement?


**Gary Martoccio**

Attorney

Martoccio Law Group

Licensed in: AZ, FL, GA, IL, MA, NC, PA, TN & TX

2101 W. Platt St., Suite 200, Tampa, FL 33606

Phone: 813-725-3279

Email: gary@martocciofirm.com


[Quoted text hidden]

Case 1:25-cv-00058-MOC-WCM    Document 28-2    Filed 06/25/25    Page 16 of 50

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                           }
                                        }
v.                                  }                    Exhibit F-3
                                        }
ASHEVILLE DETOX LLC et al.          }
   DEFENDENTS                            }

General objections to the draft agreement

*EXHIBIT F-3*

 Gmail

Christopher Brooks <brooks.cj1002@gmail.com>

---

## Clarification on Settlement Tax Treatment and Case Status

**Christopher Brooks** <brooks.cj1002@gmail.com>       Fri, Feb 14, 2025 at 1:04 PM
To: Gary Martoccio <gary@martocciofirm.com>

**No I will not sign that**

[Quoted text hidden]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS    }
   PLAINTIFF,                   }
                                   }
v.                                 }           Exhibit G-1
                                   }
ASHEVILLE DETOX LLC et al.    }
   DEFENDENTS             }

Emails regarding REDA claim

**EXHIBIT G-1**

 Gmail

**Christopher Brooks <brooks.cj1002@gmail.com>**

---

## HCANA didn't show up!

**Christopher Brooks <brooks.cj1002@gmail.com>**                    Wed, Jan 15, 2025 at 9:53 AM
To: Gary Martoccio <gary@martocciofirm.com>

So no one from HCANA or Asheville Detox showed up to the unemployment hearing just thought  you wanna know

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                    }
                                 }
v.                                }          Exhibit G-2
                                 }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                    }

Follow up On REDA communication

# EXHIBIT G-2

 **Gmail**

Christopher Brooks <brooks.cj1002@gmail.com>

## HCANA didn't show up!

**Gary Martoccio** <gary@martocciofirm.com>
To: Christopher Brooks <brooks.cj1002@gmail.com>

Wed, Jan 15, 2025 at 1:50 PM

Noted. Thanks, Chris. Please provide us any documentation you receive from the NC DOL. Regarding your case with our firm, we should have an update soon. I am waiting to hear back from the company's counsel.

**Gary Martoccio**

Attorney

Martoccio Law Group

Licensed in: AZ, FL, GA, IL, MA, NC, PA, TN & TX

2101 W. Platt St., Suite 200, Tampa, FL 33606

Phone: 813-725-3279

Email: gary@martocciofirm.com

[Quoted text hidden]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                          }
                                 }
v.                                 }          Exhibit G-3
                                 }
ASHEVILLE DETOX LLC et al.         }
   DEFENDENTS                          }

Email thread with former attorney

 Gmail

Christopher Brooks <brooks.cj1002@gmail.com>

## HCANA didn't show up!

**Christopher Brooks <brooks.cj1002@gmail.com>**                    Wed, Jan 15, 2025 at 1:52 PM
To: Gary Martoccio <gary@martocciofirm.com>

Does that complaint look ok to you?
Most certainly will dude.

[Quoted text hidden]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER JONAS BROOKS | } | |
| PLAINTIFF, | } | |
| | } | |
| v. | } | Exhibit G-4 |
| | } | |
| ASHEVILLE DETOX LLC et al. | } | |
| DEFENDENTS | } | |

Additional email thread with former attorney



Christopher Brooks <brooks.cj1002@gmail.com>

---

## HCANA didn't show up!

**Gary Martoccio** <gary@martocciofirm.com>                    Wed, Jan 15, 2025 at 6:11 PM
To: Christopher Brooks <brooks.cj1002@gmail.com>

REDA is a form of a wrongful termination claim (it stands for retaliatory discharge). If you received a right to sue letter from the NC DOL fast enough, you would be able to include REDA claims in a lawsuit along with your EEOC related claims.

[Quoted text hidden]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS      }
    PLAINTIFF,                }
                            }
v.                            }             Exhibit H-1
                            }
ASHEVILLE DETOX LLC et al.      }
    DEFENDENTS            }

---

Page 10 of workers' compensation agreement

of Plaintiff becoming Medicare eligible in the next thirty months. Furthermore, pursuant to the July 23, 2001 "All Associate Regional Administrators" memo by the Center for Medicare and Medicaid Services ("CMS") and CMS guidance memos subsequent thereto, this case does not meet the threshold criteria for CMS review; and

Whereas, pursuant to 42 CFR § 411.46, the Medicare intermediary manual and the Medicare carriers manual, the parties to this Agreement believe that any rights or interests that Medicare may have in the settlement of this matter have been adequately considered and that no Medicare set-aside allocation is necessary by way of this claim or settlement; and

Whereas, Plaintiff certifies that, beyond the injuries and conditions referenced in this Agreement or the attached medical and vocational records, Plaintiff neither has nor asserts any other workers' compensation claims against Employer-Defendant or Carrier-Defendant, and Plaintiff understands that Employer-Defendant and Carrier-Defendant enter into this Agreement based upon Plaintiff's express representation that Plaintiff neither has nor asserts any other workers' compensation claims against Employer-Defendant or Carrier-Defendant, and Plaintiff further understands that Employer-Defendant and Carrier-Defendant enter into this Agreement in reliance upon Plaintiff's express waiver of any further workers' compensation claims that Plaintiff has or may have against Employer-Defendant and Carrier-Defendant; and

Whereas, Plaintiff, Employer-Defendant and Carrier-Defendant agree that the terms of this Agreement shall forever bar any and all claims that Plaintiff has or may have against Employer-Defendant or Carrier-Defendant up to November 18, 2024, the date this Agreement is entered into, for workers' compensation benefits of any nature, whether such claims are referenced with particularity herein or not, and Plaintiff, Employer-Defendant and Carrier-Defendant further agree that the terms of this Agreement herein shall be interpreted liberally so as to give effect to the

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                    }
                                  }
v.                                }          Exhibit H-2
                                  }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                    }

---

Page 11 of workers' compensation agreement

parties' express intent to resolve any and all workers' compensation claims that Plaintiff has or may have against Employer-Defendant or Carrier-Defendant arising on or before November 18, 2024; and

Whereas, notwithstanding the parties' express intent to resolve any and all workers' compensation claims that Plaintiff has or may have against Employer-Defendant or Carrier-Defendant, no term of this Agreement shall be interpreted to bar any future workers' compensation claims that Plaintiff may have against Employer-Defendant or Carrier-Defendant that arise after November 18, 2024, the date upon which this Agreement is entered into; and

NOW, THEREFORE, it is specifically agreed as follows:

That Carrier-Defendant, on behalf of Employer-Defendant, agrees to pay or causes to be paid to Plaintiff the sum of Fifty Thousand and 00/100 Dollars ($50,000.00) in one lump sum.

That Defendants, pursuant to the terms of this Agreement, are assuming no liability whatsoever for the payment of any medical expenses which Plaintiff alleges are related to this claim, and that Plaintiff, pursuant to the terms of this Agreement, agrees to pay any and all outstanding unpaid medical expenses which Plaintiff alleges are related to this claim, such expenses having been outlined in *Exhibit B* and incorporated herein by reference, and to satisfy any resulting liens, out of the aforesaid settlement proceeds, subject to the limitations of the North Carolina Industrial Commission's Workers' Compensation Fee Schedule pursuant to 11 NCAC 23A.0502(b)(6) and N.C.G.S. § 97-26, as well as any other applicable statutory limitations on repayment such as those contained in N.C. Gen. Stat. §§ 44-49 and 44-50 as specifically incorporated by N.C. Gen. Stat. § 97-17(d).

That, pursuant to the requirements of 11 NCAC 23A.0502(b)(5), Plaintiff further agrees to notify all such unpaid medical providers in writing of his agreement and obligation to pay said

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER JONAS BROOKS | } | |
| PLAINTIFF, | } | |
| | } | |
| v. | } | Exhibit H-3 |
| | } | |
| ASHEVILLE DETOX LLC et al. | } | |
| DEFENDENTS | } | |

Page 12 of workers' compensation agreement

unpaid medical expenses under the terms of this Agreement, subject to any lawful adjustments Plaintiff is entitled to claim based on applicable administrative rules and/or statutory provisions.

That Plaintiff knowingly and intentionally waives Plaintiff's right to further benefits under the Workers' Compensation Act for the injuries or conditions which are the subject of this Agreement and agrees to accept the sum of Fifty Thousand and 00/100 Dollars ($50,000.00), in full, final and complete satisfaction of any and all claims which Plaintiff has or may have against Employer-Defendant or Carrier-Defendant by reason of the injury or occupational disease giving rise to this claim.

That Carrier-Defendant, on behalf of Employer-Defendant, agrees to pay the entire mediator's fee for the mediated settlement conference held in this case without contribution from, or offset to, the amount payable to Plaintiff under this Agreement.

That all parties agree that no rights afforded under N.C.G.S. § 97-10.2 are waived by this Agreement.

That all parties agree that no rights, other than those arising under the provisions of the Workers' Compensation Act, are compromised or released by the execution of this Agreement.

That all parties hereto specifically stipulate that the North Carolina Industrial Commission may consider the matters now in the record as competent evidence in passing on this compromise Agreement, subject to the conditions herein stated.

That Carrier-Defendant, on behalf of Employer-Defendant, agrees to pay all costs incurred within the meaning of 11 NCAC 23E.0203(a) without contribution from, or offset to, the amount payable to Plaintiff under this Agreement.

That Plaintiff represents that Plaintiff has read this Agreement and fully understands it, that no promise, inducement or agreement not herein expressed has been made to Plaintiff, that this

12

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                              }
                                          }
v.                                          }                    Exhibit I-1
                                          }
ASHEVILLE DETOX LLC et al.             }
   DEFENDENTS                            }

Unemployment record showing contradiction





**EXHIBIT I-1**

46038872

IN THE MATTER OF:

Claimant

Christopher Brooks
41 Vance Ave Unit B
Black Mountain, NC 28711

APPEALS DOCKET NO. 24-LA-018552

Employer

Hca Nc Administration Inc
1010 Merrimon Ave
Asheville, NC 28804

Mail Date: January 28, 2025

ISSUE STATEMENT

Whether the claimant was discharged for misconduct connected with the work. N.C. Gen. Stat. § 96-14.6.

FINDINGS OF FACT

1.  Claimant filed an initial claim for unemployment insurance benefits effective September 29, 2024. A determination by Adjudicator was rendered under Issue ID 13351146 holding Claimant disqualified for benefits.

2.  Claimant appealed the determination. Under N.C. Gen. Stat. § 96-15(c), the appeal came before Appeals Referee Arlen Percival. A hearing was conducted on January 15, 2025. The following were present for the hearing: claimant Christopher Brooks. The employer did not present a witness for the hearing. The employer's number of record, 828-989-8309, was called at 8:32 a.m. and 8:40 a.m. On both occasions, the system returned an error: invalid number. A number found on the employer's fact finding report, 828-202-7572, was called at 8:33 a.m. and 8:41 a.m. On both occasions, voicemail answered the line and messages were left. No additional telephone number was found for the employer.

3.  Claimant was discharged from this job for alleged lack of communication after a workplace injury.

4.  The claimant's employment began on January 8, 2024. The employer is a detox facility. The claimant was a Behavioral Health Technician.

5.  The claimant applied for an internal position with the employer, a desk job, as an Admissions Coordinator. The claimant was told that he was not considered for the job because he was not a woman. The claimant has filed a complaint with the Equal Employment Opportunity Commission (EEOC) in June 2024. (see Claimant's Exhibit 9).

6.  On May 30, 2024, the claimant was injured when he fell at work. He was taken by ambulance to the hospital. He suffered pinched nerves in his neck and back. The claimant was released to light duty, with no lifting over fifteen (15) pound on June 4, 2024. (see Claimant's Exhibit 14). The claimant retained counsel for his workers' compensation claim on June 4, 2024. (see Claimant's Exhibit 17). A note on June 5, 2024 directed the claimant to remain out of work until cleared. (see Claimant's Exhibit 15).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS     }
    PLAINTIFF,             }
                       }
v.                      }          Exhibit I-2
                       }
ASHEVILLE DETOX LLC et al.      }
    DEFENDENTS         }

Unemployment documentation



7. On July 7, 2024, the claimant received a letter from Medical Case Manager Jeannie Ernst of AmTrust North America, Inc. to assist in the process of the medical appointments and workers compensation claim. She states, "I will coordinate with you, the treating providing, your employer and your assigned claims adjuster to determine a safe and medically appropriate return to work plan." (Claimant's Exhibit 32).

8. The claimant was taken out of work until he could have a MRI and visit a surgeon. The MRI occurred on July 31, 2024 (see Claimant's Exhibit 24-25). A note of August 5, 2024 directed the claimant to remain out of work until he visited an orthopedic spine surgeon. (see Claimant's Exhibit 26). He visited the surgeon in September 2024.

9. On September 10 2024, the claimant was released to work up to eight (8) hours per day with lifting restrictions of twenty (20) pounds. (see Claimant's Exhibit 27).

10. On September 17, 2024, the claimant sent an email to Liz Rankin to coordinate his return to work. (see Claimant's Exhibit 28).

11. On October 2, 2024, the claimant received an automated birthday message from the employer. (see Claimant's Exhibit 33). He took this to mean that he was still attached to the payroll.

12. The claimant first received a response from the employer on October 27, 2024, when Ms. Rankin responded that they did not have work available due to the hurricane as "our Asheville facilities are not open." (Claimant's Exhibit 31). Ms. Rankin also noted, "I see that you have not worked with us since May and it is my understanding that this was initially due to injury. However, we did not receive any communication or correspondence regarding an accommodation and/or leave request, return to work plan, or update, leaving us with the unfortunate and necessary decision to fill the position. Given the current circumstances, we will most likely be utilizing a reduced work force and do not have an open position at this time. (Ibid.).

## MEMORANDUM OF LAW

Under the Employment Security Law of North Carolina, when a claimant files a claim for benefits after being separated from their employment, the Division must determine the reason for the separation and if that reason disqualifies the claimant from receiving unemployment benefits. N.C. Gen. Stat. §§ 96-14.1(a), 95-15(b)(2).

Where the Division determines the claimant was discharged from employment, the Division must decide whether the claimant is unemployed due to misconduct connected with the work. N.C. Gen. Stat. § 96-14.6(a). If the Division determines the claimant is unemployed due to misconduct connected with the work, the claimant is disqualified for benefits. Id.

Misconduct connected with the work is either of the following:
(1) Conduct evincing a willful or wanton disregard of the employer's interest as is found in deliberate violation or disregard of standards of behavior that the employer has the right to expect of an employee or has explained orally or in writing to an employee.
(2) Conduct evincing carelessness or negligence of such degree or recurrence as to manifest an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER JONAS BROOKS PLAINTIFF, | } } } | |
| v. | } } | Exhibit I-3 |
| ASHEVILLE DETOX LLC et al. DEFENDANTS | } } } | |

More unemployment evidence


N.C. Gen. Stat. § 96-14.6(b).

The following examples are prima facie evidence of misconduct that may be rebutted by the individual making a claim for benefits:
(1) Violation of the employer's written alcohol or illegal drug policy.
(2) Reporting to work significantly impaired by alcohol or illegal drugs.
(3) Consumption of alcohol or illegal drugs on the employer's premises.
(4) Conviction by a court of competent jurisdiction for manufacturing, selling, or distributing a controlled substance punishable under N.C. Gen. Stat. § 90-95(a)(1) or 90-95(a)(2) if the offense is related to or connected with an employee's work for the employer or is in violation of a reasonable work rule or policy.
(5) Termination or suspension from employment after arrest or conviction for an offense involving violence, sex crimes, or illegal drugs if the offense is related to or connected with the employee's work for an employer or is in violation of a reasonable work rule or policy.
(6) Any physical violence whatsoever related to the employee's work for an employer, including physical violence directed at supervisors, subordinates, coworkers, vendors, customers, or the general public.
(7) Inappropriate comments or behavior toward supervisors, subordinates, coworkers, vendors, customers, or to the general public relating to any federally protected characteristic that creates a hostile work environment.
(8) Theft in connection with the employment.
(9) Forging or falsifying any document or data related to employment, including a previously submitted application for employment.
(10) Violation of an employer's written absenteeism policy.
(11) Refusal to perform reasonably assigned work tasks or failure to adequately perform employment duties as evidenced by no fewer than three written reprimands in the 12 months immediately preceding the employee's termination.
N.C. Gen. Stat. § 96-14.6(c).

REASONING

In the present case, the claimant was out on leave due to a workplace injury, for which he filed a workers compensation claim. When the claimant was released to return to work he notified the employer, but received no response for over a month, when he was told his position was no longer available and the employer had no open positions due to the hurricane. The employer stated in their response that there had been no communication since the workplace injury, but the claimant presented documentation of communication through the third party vendor who was handling the workers compensation claim. The claimant notified the employer when he was released to return to work and no work was offered to him. Therefore, the claimant was not discharged for misconduct connected with the work.

DECISION

The determination by Adjudicator is REVERSED. Claimant is QUALFIED for unemployment benefits.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS }
    PLAINTIFF, }
     }
v. }                  Exhibit I-4
     }
ASHEVILLE DETOX LLC et al. }
    DEFENDENTS }

Further unemployment evidence




# North Carolina Department of Commerce
## Division of Employment Security
### Unemployment Insurance

# *EXHIBIT I-4*

44288645

Claimant Name: CHRISTOPHER BROOKS
Claimant Party ID: 14218927
Issue ID: 13351146

Employer Name: HCA NC ADMINISTRATION INC
Employer Party ID: 13692118

| Fact Finding Questions | Responses |
| --- | --- |
| Was the former employee laid off as a result of a federally declared disaster? | No |
| What is the former employee's current employment situation? | The former employee quit or left the job |
| You have indicated that the former employee quit. | |
| Please select the specific reason the former employee chose to quit. | Other reasons |
| What is the employer's phone number? | |
| Employer Contact Phone Number: | (828) 202-7572 |
| What were the former employee's normal work hours? If "other", please provide details in the text box provided. | |
| Beginning Time: | 11:00 PM |
| Ending Time: | 6:00 AM |
| Days: | |
| Monday | No |
| Tuesday | Yes |
| Wednesday | Yes |

Help us prevent UI Fraud. Report suspected UI Fraud online at des.nc.gov
Post Office Box 25903 Raleigh, NC 27611-5903

DiffInterview_0.0.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER JONAS BROOKS PLAINTIFF, | } } } | |
| v. | } } | Exhibit I-5 |
| ASHEVILLE DETOX LLC et al. DEFENDENTS | } } } | |

Further unemployment evidence



| | | |
|---|---|---|
| Thursday | | |
| Friday | Yes | |
| Saturday | Yes | |
| Sunday | | |
| Other | | |
| What shift did the former employee normally work? If "varied", please provide details in the text box provided. | Night | |
| How many hours did the former employee normally work per week? | 40 | |
| What was the former employee's rate of pay? If "other", please provide details in the text box provided. | $1.00 | |
| Per: | | |
| What was the former employee's position or title? | Behavioral Health Tech | |
| What were the former employee's job duties? | providing support and assistance to both clients and staff. The primary responsibilities of a BHT are to help facilitate the daily facility and client schedule, monitor clients presence through rounds, assist in the initial intake process, work collaboratively with the treatment team, and maintain a safe and therapeutic environment. | |
| Select here if "No notice was given": | | |
| Was the last day he/she actually worked 10/6/24? | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER JONAS BROOKS | } | |
|    PLAINTIFF, | } | |
| | } | |
| v. | } | Exhibit I-6 |
| | } | |
| ASHEVILLE DETOX LLC et al. | } | |
|    DEFENDENTS | } | |

Final unemployment evidence document



| What was the last day the former employee actually worked? | 05/29/2024 |
|---|---|
| What condition or situation caused the former employee to quit? | Employee had medical/personal matters going on, was asked to submit accomodation/leave of absence requests. Employer did not receive communication from employee since June 2024 |
| When did the condition or situation begin? | 05/01/2024 |
| Was the condition or situation temporary or permanent? | Temporary |
| Had the condition or situation ended before the former employee quit? | No |
| Why was the condition or situation temporary? | Employee was asked to provide necessary paperwork and communication in order for employer to continue working with him. Did not receive. Employer was forced to assume employee was not returning to work. |
| When was the condition or situation going to end? | 05/29/2024 |
| Why did this condition or situation cause the former employee to quit? | Unknown |
| Did the former employee discuss the other condition or situation with a supervisor or manager? | Yes |
| Enter the name and job title of the individual with whom the former employee discussed the condition or situation: | |
| Name: | Liz Rankin |

DfInterview_0.0.1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                    }
                                  }
v.                                }                    Exhibit J
                                  }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                    }

---

Rule 11 safe harbor notice

Rule 1 1(c)(2) Service Notice

Christopher Jonas Brooks
41 Vance Ave Unit B
Black Mountain, NC 28711
Chris.Brooksl11@outlook.com

(910) 294-1826 5/20/2025


Robert Carpenter
Allen Stahl & Kilbourne, PLLC
20 Town Mountain Road, Suite 100

Asheville, NC 28801

Re: Notice of Rule 11(c)(2) Service — Brooks v. Asheville Detox, LLC, et al. Case
No. 1:25-cv-00058-MOC-WCM (WDNC)

Dear Counsel:

Pursuant to Federal Rule of Civil Procedure 11(c)(2), enclosed please find a copy of
Plaintiffs Motion to Strike and for Sanctions. This motion is being served but not filed
with the Court at this time, in accordance with the 21 -day safe harbor provision.

Although the underlying conduct cannot truly be undone—given that it involved mailing
an altered exhibit after court filing—this notice is provided to comply with Rule 11's
procedural requirement.

If you do not withdraw or appropriately correct the material identified in the motion
within 21 days of service, Plaintiff intends to file the motion with the Court.

Sincerely,
Christopher Jonas Brooks
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS          }
   PLAINTIFF,                      }
                                  }
v.                                }                    Exhibit K
                                  }
ASHEVILLE DETOX LLC et al.        }
   DEFENDENTS                      }

---

Pg. 3 of court filed document 17 by defense

failure to exhaust administrative remedies Affirmative Defense stems from the fact that Plaintiff failed to file a Charge of Discrimination against Defendant Health Care Alliance North America.

Plaintiff's exhibits to the Motion to Strike contain a "Separation Agreement and Release of Claims" executed by Plaintiff where he releases any and all claims against Defendants, including the claims brought here ("the Release"). [Doc. 13-6]. Plaintiff executed the Release in consideration of the $50,000.00 settlement of his Workers' Compensation claim and to categorize his employment separation as a resignation. [Doc. 13-5 & 13-7]. Plaintiff and Defendants further agreed that he would receive an additional $100.00 as consideration for the Release. [Doc. 13-7]. Plaintiff explicitly acknowledged the "receipt and sufficiency" of the consideration for the Release. [Doc. 13-7].

While Defendants agreed to the Workers' Compensation settlement and the Release, it could not locate a fully signed copy of the Release or payment record for the $100.00. Consequently, in an abundance of caution, and because the agreement contained no time limitation on payment and signature, Defendants executed the Release on May 15, 2025, and mailed it to Plaintiff along with a $100.00 check and $100 bill.

In response to the signed agreement and check, Plaintiff delivered **Exhibit A** to the undersigned counsel wherein he made an exorbitant settlement demand and threatened Rule 11 sanctions against Defendants for signing the agreement and sending him $200.00.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILE NO: 1:25 CV 58-MOC-WCM

CHRISTOPHER JONAS BROOKS        }
   PLAINTIFF,                              }
                                               }
v.                                                  }                    Exhibit L
                                               }
ASHEVILLE DETOX LLC et al.              }
   DEFENDENTS                          }

Pg.1 of a proposed and rejected separation agreement and release of claims

**EXHIBIT L**

<u>SEPARATION AGREEMENT AND RELEASE OF CLAIMS</u>

THIS AGREEMENT is made and entered into by and between **Christopher Brooks** and **Asheville Detox LLC**.

THE PARTIES acknowledge the following:

"EMPLOYEE" refers to Christopher Brooks.

"COMPANY" refers to Asheville Detox LLC, its subsidiaries, business units, corporate affiliates, and parent companies, past and present, its predecessors and successors and its respective officers, managers, directors, employees, agents, insurers, legal counsel, successors and assigns, past and present.

EMPLOYEE and the Company agree that, unless Employee has already resigned or has otherwise been separated from the company, effective as of November 18, 2024, Employee shall be considered to have voluntarily resigned from his position with the Company, and this Agreement will become effective as set forth below.

EMPLOYEE has a Workers' Compensation claim currently before the North Carolina Industrial Commission, I.C. File No. 24774903. Notwithstanding the terms of this Agreement, the parties agree that the above-referenced Workers' Compensation claim shall be resolved in a separate "clincher" agreement and pursuant to the terms agreed upon between Employee and the Company on November 18, 2024.

THEREFORE, in consideration of the mutual agreements and promises set forth within this Agreement, the receipt and sufficiency of which are hereby acknowledged and, provided that Employee properly executes and returns it to counsel for the Company and does not revoke it as set forth below, Employee and the Company agree as follows:

1.    <u>Consideration</u>

In consideration of Employee's agreements and promises set forth below, the Company will pay Employee One-Hundred and 00/Dollars ($100.00), the receipt and sufficiency of which are hereby acknowledged.

The parties agree that this consideration is over and above any other amount that Employee would otherwise be entitled to receive from the Company.

The parties agree that consideration under this agreement to Employee are not to be considered wages arising out of his employment with the Company. Employee agrees to hold the Company harmless in the event that the funds paid pursuant to this agreement are deemed taxable pursuant to any law of the United States, or the law of any state or local government. Employee agrees that he will indemnify and hold harmless the Company from any liability, costs, and/or penalties that may be incurred as a result of the Company's failure to deduct and remit to federal or state tax authorities' payroll and/or income tax deductions from the amounts provided pursuant to this agreement. to the extent any federal, state or local taxes are applicable